RECEIVED

IN THE UNITED STATES DISTRICT COURT 2006 NOV 29 P 3: 53
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DWIGHT N. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File** |
| | ) | No. 2:06-cv-1067-WKW |
| vs. | ) | |
| | ) | |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Dwight N. Rodgers, Plaintiff herein, and hereby states his

complaint against the above named Defendant on the following grounds:

## NATURE AND PURPOSE

1.

This is a civil rights lawsuit seeking declaratory and injunctive relief, nominal,

compensatory, and punitive damages, back pay and front pay, based upon

Defendant's willful discrimination, harassment, disparate treatment, and retaliation

under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, and various

common law and statutory claims under state law.

1

## PARTIES

2.

Plaintiff Dwight N. Rodgers (hereinafter "Plaintiff") is an African-American male citizen of the State of Alabama and this Judicial District and Division entitled to bring actions of this kind and nature. Plaintiff was an "employee" of Defendant as that term is defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.

This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 2201. Plaintiff also invokes the supplemental jurisdiction of this Court, for his claims against the Defendant for violations of state law arising out of the same nucleus of operative facts as his federal civil rights claim.

4.

Defendant committed the unlawful employment practices alleged within the geographic area encompassed by the Northern Division of the Middle District of Alabama. Thus under 28 U.S.C. §§ 90(a), 1391 (b) and 1393 (a), the Northern Division of the United States District Court for the Middle District of Alabama is a proper venue in this suit.

2

## FACTUAL ALLEGATIONS

5.

Plaintiff was employed by Cracker Barrel Old Country Store, Inc. At their Gardendale, Alabama location from July, 2000 to September, 2005. He began as an Associate Manager, was promoted to a Sr. Associate Manager in 2001 and then promoted to General Manager in 2002. He was ultimately retaliated against in the termination of his employment by Cracker Barrel.

6.

Plaintiff was subjected to disparate treatment based on a pattern and practice of racial discrimination in evaluation and discipline of minorities under the supervision of Richard Alexander. Plaintiff claims that he specifically has been subjected to racial discrimination in evaluation, discipline and retaliation subsequent to his contacting his District Manager, Richard Alexander regarding a derogatory racial comment made by a Sr. Associate Manager under Plaintiff's supervision. Plaintiff was subject to retaliation from his superiors immediately after reporting the incident. Retaliation includes: placing adverse performance evaluations with adverse reprimands, as well as being restricted from disciplining and supervising his staff. Numerous unfounded and non specific charges were brought regarding Plaintiff's performance. Plaintiff's immediate supervisor intentionally discriminated against

3

him by terminating him for no apparent reason.  Plaintiff timely filed a Charge of Discrimination with the EEOC on September 8, 2005 and satisfied other prerequisites to the filing of this suit, as discussed infra. (See Exhibit 1) attached.

7.

Plaintiff contends that Defendant through their agent has a pattern and practice of race discrimination based on subjective decision making and long-standing discriminatory practices which have resulted in disparate treatment and impact upon him and other African-American employees in the following particulars:

a.   Discrimination in Evaluation

As a result of discriminatory practices, Plaintiff received negative evaluations inconsistent with the treatment of his Caucasian counterparts.

b.   Hostile Work Environment:

Plaintiff experienced a hostile work environment due to extra scrutiny of his work, micro management of job performance, and other bullying tactics by his supervisor Richard Alexander.

c.   Retaliation:

Plaintiff experienced discrimination and voiced opposition to tolerance of offensive behavior and racially discriminatory statements on the part

4

of a Sr. Associate Manager and the District Manager. Plaintiff was not allowed to take any corrective action against the Sr. Associate Manager or any other Manager supervised by him. Furthermore, upon contacting the District Manager regarding the incident, Plaintiff was admonished and reminded "Dwight don't forget who you work for".

8.

At all times material hereto, Defendant has been engaged in an industry affecting commerce, and has had numerous employees for each regular working day in each of twenty (20) or more calendar weeks in the current and/or preceding calendar year.

9.

From September 2002 to September 2005 Plaintiff was employed full-time with defendant as a General Manager of Cracker Barrel store #237 located in Gardendale, Alabama.

10.

At all times since his affiliation, Plaintiff alleges that Defendant operated a racially hostile work place including disparate treatment of Plaintiff a member of a protected class in violation of Title VII of the Civil Rights Act of 1964.

5

11.

Plaintiff was retaliated against for speaking out about blatant discrimination in discipline along racial lines.

12.

Defendant's conduct and that of its supervisory personnel has been willful and wanton and this condition is known to have existed by all throughout the chain within the organization.

13.

Defendant's conduct was intentionally directed toward harming Plaintiff.

14.

Defendant's conduct was such as would naturally humiliate, embarrass, threaten or outrage Plaintiff.

15.

Defendant's conduct caused Plaintiff undue suffering, embarrassment, humiliation, los of enjoyment of life, physical and emotional distress and an irreparable injury to his career.

16.

Plaintiff filed charges of racial discrimination and retaliation with the Equal Employment Opportunity Commission within one hundred and eighty (180) days of the last of a continuing stream of discriminatory acts and retaliation complained of herein.

17.

Plaintiff has received a notice of right to sue from the Equal Employment Opportunity Commission and this Complaint is brought within ninety (90) days of his receipt thereof.

## **COUNT I: INTENTIONAL RACIAL DISCRIMINATION**

18.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 17 and incorporates the same herein as though fully set forth.

19.

Defendant has intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.

20.

Defendant through the use of subjective selection procedures, retarded and limited the advancement of Plaintiff by design, evaluated him more harshly, and planned to terminated him without cause.

21.

Defendant at all times relevant hereto had actual and constructive knowledge of the patterns and practices described above.

22.

As a result of Defendant's racial discrimination against Plaintiff, Plaintiff had to work in a hostile and offensive work environment perpetrated and maintained by Defendant.  As a result of Defendant's failure to protect Plaintiff and others from further discrimination, he has suffered a loss of the benefits of employment including but not limited to economic loss.

8

23.

Defendant violated the law by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failure to act of its supervisors and agents as described above who engaged in racial discrimination.

24.

Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate racial discrimination from the workplace and to prevent it from occurring in the future.

25.

Defendant illegally retaliated against Plaintiff subjecting him to unjust treatment when he reported racial discrimination. Defendant had no legitimate business reasons for any such acts.

26.

The outrageous conduct of Defendant described above was done with oppression and malice; with a conscious disregard of the rights of Plaintiff; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

## COUNT II: DISPARATE TREATMENT IN VIOLATION OF TITLE VII

27.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 26 and incorporates the same herein as though fully set forth.

28.

Defendant through its agent maintains a policy, practice or custom of discriminating against African-Americans based on their race with respect to, evaluations, privileges and conditions of employment and in ways that deprive Plaintiff of equal employment opportunity and otherwise adversely affect his status as an employee.

29.

Defendant through the use of subjective selection procedures and selective disciplinary procedures, retarded and limited the advancement of Plaintiff who was: evaluated more harshly than Caucasians in the same position; and terminated his employment unlike his similarly situated Caucasian counterparts.

30.

Defendant's reasons for its actions concerning Plaintiff and other African-American employees are a matter of pretext, not justified by business necessity and an attempt to conceal its racially motivated policies.

10

31.

As a direct and proximate result of Defendant's willful knowing and intentional discrimination and retaliation against Plaintiff, he has suffered a loss of earnings and other employment benefits and job opportunities. Plaintiff is entitled to an injunction and other equitable remedies, back pay, front pay, other benefits, general and compensatory damages in amounts to be proven at trial.

32.

As a further direct and proximate result of Defendant's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded.

33.

**WHEREFORE,** Plaintiff respectfully prays for the following:

(a)    That summons and process issue;

(b)    That the Defendant herein be served with summons and complaint;

(c)    That the Court enter a judgement that Defendant's acts and practices as set forth are in violation of the laws of the United States;

11

(d)     That the Court enter preliminary and permanent injunctive relief to prohibit Defendant's discriminatory practices and to prevent current and future harm to members of a protected Class;

(e)     That Plaintiff recover from Defendant back pay, front pay and other benefits;

(f)     That Plaintiff recover from Defendant compensatory and general damages for his emotional pain and suffering as a result of the acts of Defendant;

(g)     That Plaintiff recover from defendant punitive damages;

(h)     That Plaintiff recover from Defendants attorney's fees and costs incurred in this action; and

(i)     For such other just and further relief as this Court deems just and proper.

This 28th day of November, 2006.

Respectfully submitted,

Dwight N. Rodgers
Pro Se

919 Easteen Oaks Dr.
Montgomery, AC 36117

334
678 595 5174

12

EXHIBIT 1

FROM :                          FAX NO. :                          .n. 01 2004 07:25AM P2

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
**PRIVATE SUIT RIGHTS --** or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you **receive** this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit **before 7/1/98** -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

FROM :                                  /   FAX NO. :                      Jun. 01 2004 07:26AM P3

EEOC Form 161 (10/96)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Dwight Rodgers                          From: Birmingham District Office
    919 Eastern Oaks Drive                        Ridge Park Place
    Montgomery, AL 36117                          1130 22nd Street South
                                                  Suite 2000
                                                  Birmingham, AL 35205

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-06620 | Serena Curry, Investigator | (205) 212-2072 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly S. Hinton for*                                    8/31/06

Bernice Williams-Kimbrough, District Director

Enclosure(s)                                              *(Date Mailed)*

cc:   Cracker Barrel Old Country Store, Inc.
      c/o Ashley Hattaway
      Burr & Forman, LLP
      420 North 20th Street
      Birmingham, AL 35203

FROM :                          FAX NO. :                      Jun. 01 2004 07:26AM  P5

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 130-2005-06620 |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>**Mr. Dwight N. Rodgers, Sr.** | Home Phone No. (Incl Area Code)<br>**(334) 277-7126** | Date of Birth<br>**10-28-1966** |
|---|---|---|

Street Address                                                                    City, State and ZIP Code
**919 Eastern Oats Drive, Montgomery, AL 36117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**CRACKER BARREL RESTAURANT INC** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(334) 244-1085** |
|---|---|---|

Street Address                                                                    City, State and ZIP Code
**9191 Boyd Cooper Pkwy,  Montgomery, AL 36117**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address                                                                    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es)). | DATE(S) DISCRIMINATION TOOK PLACE. |
|---|---|
| ☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.) | Earliest **03-03-2005**   Latest **09-03-2005**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the employer named above as a Manager on July 22, 2002.  I was promoted to the position of General Manager during September of 2004. On March 3, 2005, a White Associate made a derogatory statement about Blacks which I found to be offensive.  An investigation was to be scheduled into the matter.  However, I was informed by the District Manager, Richard Alexander that I could not take any corrective action regarding this employee. The finding of the investigation was never revealed to me, although I questioned the finding on several occasions.  Thereafter, I was not allowed to discipline any manager according to established policy.  I am not aware of any White General Manager being denied this privilege.  Upon my complaining of the offensive comment and the status of the investigation, I began to be given several disciplinary actions regarding my job performance.  On September, 3, 2005, I was given a final warning regarding my job performance and discharged.   I was informed that I was discharged for performance below standards of the employer's General Managers. I am not aware of any other General Manager who has complained of matters he found to be racially offensive.  I was the only Black General Manager assigned to Mr. Alexander's district.

I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black and in retaliation for my constant inquiry into the status of the investigation of the racially offensive comment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Sep 08, 2005**<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |