IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT RODGERS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | 2:06-CV-1067-WKW-SRW |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"), and submits the following Answer and Defenses in response to the allegations made by plaintiff in the Complaint filed in the above-referenced matter.

## ANSWER

Cracker Barrel responds to the corresponding numbered paragraphs of the Complaint as follows:

## NATURE AND PURPOSE

1.    Paragraph 1 of the Complaint makes no allegations against Cracker Barrel, and therefore requires no response.  However, to the extent Paragraph 1 can be interpreted to include any allegations against Cracker Barrel, Cracker Barrel

1525331

denies such allegations and specifically denies that it is liable to plaintiff under the enumerated statutes or otherwise.

## **PARTIES**

2.      Cracker Barrel admits that plaintiff is an African-American male and a former Cracker Barrel employee.  Except as expressly admitted herein, Cracker Barrel denies the allegations in Paragraph 2 of the Complaint.

## **JURISDICTION AND VENUE**

3.      Cracker Barrel admits that the Court has subject matter jurisdiction of this action.  Cracker Barrel denies that the Court has supplemental jurisdiction of any state law claims because plaintiff has not asserted any state law claims in his Complaint.   Except as expressly admitted herein, Cracker Barrel denies the allegations in Paragraph 3 of the Complaint.

4.      Cracker Barrel admits that venue is proper.   Except as expressly admitted herein, Cracker Barrel denies the allegations in Paragraph 4 of the Complaint.

## **FACTUAL ALLEGATIONS**

5.      Cracker Barrel admits that plaintiff is a former Cracker Barrel employee.   Except as expressly admitted herein, Cracker Barrel denies the allegations in Paragraph 5 of the Complaint.

6.      Cracker Barrel denies the allegations in Paragraph 6 of the Complaint.

7. Cracker Barrel denies the allegations in Paragraph 7 of the Complaint.

8. Cracker Barrel admits that it is engaged in an industry that affects commerce. Cracker Barrel does not know what plaintiff intends by use of the word "numerous," and therefore denies the remaining allegations in Paragraph 8 of the Complaint.

9. Cracker Barrel denies the allegations in Paragraph 9 of the Complaint.

10. Cracker Barrel denies the allegations in Paragraph 10 of the Complaint.

11. Cracker Barrel denies the allegations in Paragraph 11 of the Complaint.

12. Cracker Barrel denies the allegations in Paragraph 12 of the Complaint.

13. Cracker Barrel denies the allegations in Paragraph 13 of the Complaint.

14. Cracker Barrel denies the allegations in Paragraph 14 of the Complaint.

15. Cracker Barrel denies the allegations in Paragraph 15 of the Complaint.

16. Cracker Barrel denies the allegations in Paragraph 16 of the Complaint.

17.     Cracker Barrel admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue in regards to a charge filed by plaintiff and found no cause to believe that Cracker Barrel violated Title VII of the Civil Rights Act of 1964.   Cracker Barrel is without sufficient information to either admit or deny the remaining allegations in Paragraph 17 of the Complaint, and therefore denies same.

<u>**COUNT I: INTENTIONAL RACE DISCRIMINATION**</u>

18.     In response to Paragraph 18 of the Complaint, Cracker Barrel incorporates its responses to Paragraphs 1 through 17 above as if fully set forth herein.

19.     Cracker Barrel denies the allegations in Paragraph 19 of the Complaint.

20.     Cracker Barrel denies the allegations in Paragraph 20 of the Complaint.

21.     Cracker Barrel denies the allegations in Paragraph 21 of the Complaint.

22.     Cracker Barrel denies the allegations in Paragraph 22 of the Complaint.

23.     Cracker Barrel denies the allegations in Paragraph 23 of the Complaint.

24.    Cracker Barrel denies the allegations in Paragraph 24 of the Complaint.

25.    Cracker Barrel denies the allegations in Paragraph 25 of the Complaint.

26.    Cracker Barrel denies the allegations in Paragraph 26 of the Complaint.

## COUNT II: DISPARATE TREATMENT IN VIOLATION OF TITLE VII

27.    In response to Paragraph 27 of the Complaint, Cracker Barrel incorporates its responses to Paragraphs 1 through 26 above as if fully set forth herein.

28.    Cracker Barrel denies the allegations in Paragraph 28 of the Complaint.

29.    Cracker Barrel denies the allegations in Paragraph 29 of the Complaint.

30.    Cracker Barrel denies the allegations in Paragraph 30 of the Complaint.

31.    Cracker Barrel denies the allegations in Paragraph 31 of the Complaint.

32.     Cracker Barrel denies the allegations in Paragraph 32 of the Complaint, and denies that plaintiff is entitled to an award of attorney's fees or costs.

33.     In response to Paragraph 33 of the Complaint, which begins with "WHEREFORE," and including the subparts therein, Cracker Barrel denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

Except as expressly admitted herein, Cracker Barrel denies all material allegations of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim against Cracker Barrel, including pursuant to 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, and any other federal or state law, for which relief can be granted.

2.     Some or all of plaintiff's claims are barred by the doctrine of laches and/or the applicable statutes of limitations.

3.     Some or all of plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

4.     Some or all of plaintiff's claims are barred because of his failure to satisfy administrative prerequisites.

5.     Some or all of plaintiff's claims are barred because of his failure to make them the subject of a timely charge of discrimination.

6.   Some or all of plaintiff's claims are barred by his failure to institute the action within 90 days of receiving a Notice of Right to Sue from the EEOC.

7.   Some or all of plaintiff's claims are barred because they are outside the scope of plaintiff's charge of discrimination filed with the EEOC.

8.   Plaintiff was an employee-at-will of Cracker Barrel.

9.   Cracker Barrel states that all personnel actions it took with respect to plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

10.   Even should the finder of fact determine that plaintiff's race played any part in Cracker Barrel's personnel actions regarding plaintiff, Cracker Barrel states that such actions would have been taken in any event for legitimate, non-discriminatory reasons.

11.   Even should the finder of fact determine that retaliatory animus played any part in Cracker Barrel's personnel actions regarding plaintiff, Cracker Barrel states that such actions would have been taken in any event for legitimate, non-retaliatory reasons.

12.   Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because plaintiff is guilty of unclean hands.

13.   Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because plaintiff has not done equity.

14.    Cracker Barrel is not guilty of unlawful discrimination or retaliation against plaintiff.

15.    Plaintiff would have been treated no differently even had he been white.

16.    Plaintiff did not engage in any protected activity.

17.    Plaintiff would have been treated no differently even had he engaged in any protected activity.

18.    Some or all of plaintiff's claims are barred by the doctrines of ratification, consent and/or acquiescence.

19.    Cracker Barrel is not liable because it acted in good faith and in conformity with the applicable law.

20.    Some or all of plaintiff's claims are barred by the doctrines of release and accord and satisfaction.

21.    To the extent plaintiff alleges racial harassment, even if the finder of fact determines that conduct constituting harassment occurred, Cracker Barrel had an appropriate policy in place and did not know and had no reason to know of such conduct.

22.    To the extent plaintiff alleges racial harassment, even if plaintiff could establish that conduct constituting harassment occurred, Cracker Barrel cannot be held liable for any such alleged conduct as it exercised reasonable care to prevent

and correct promptly any allegedly harassing behavior, and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Cracker Barrel or to avoid harm otherwise.

23.    Some of plaintiff's claims are barred because Cracker Barrel was not acting under color of law.

24.    Cracker Barrel's actions were job-related and consistent with business necessity.

25.    Cracker Barrel does not have a pattern or practice of discrimination against any protected class.

26.    Plaintiff's claims and/or damages are barred and/or limited by the doctrine of after-acquired evidence.

27.    Plaintiff has failed to properly mitigate his claimed damages.

28.    Plaintiff fails to state a claim that would warrant the award of punitive damages.

29.    Plaintiff is not entitled to punitive damages as none of the actions taken by Cracker Barrel relative to plaintiff was taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the federally protected rights of plaintiff.

30.    Cracker Barrel reserves the right to assert additional affirmative defenses.

s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
Ashley H. Hattaway (HAT007)
Attorneys for Cracker Barrel Old
Country Store, Inc.

**OF COUNSEL**:

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system, and I hereby certify that on December 22, 2006, a copy of the foregoing Answer to Complaint was served on the following by directing same to him through first-class, United States mail, postage prepaid:

Dwight Rogers
919 Eastern Oaks Drive
Montgomery, Alabama 36117

s/ Jennifer M. Busby
OF COUNSEL

1525331