IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT RODGERS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: |
| | ) 2:06-CV-1067-WKW-SRW |
| CRACKER BARREL OLD | ) |
| COUNTRY STORE, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on March 16, 2007, at the offices of Burr & Forman LLP and was attended by Byron Perkins, Esq., for plaintiff, and by Ginger Busby, Esq. for defendant.

1.  **Pre-Discovery Disclosures.** The parties will exchange, on or before **March 30, 2007,** the information required by Rule 26(a)(1).

2.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

Discovery will be needed with respect to plaintiff's claims, plaintiff's alleged damages, defendant's defenses and defendant's alleged liability.

Disclosure of or discovery of electronically stored information will be handled as follows: The parties will take reasonable measures to preserve relevant electronic information. Specifically, the defendant will preserve documents

1552779

regarding the plaintiff created by or sent to the decisionmakers from the time he became a General Manager until his termination. Other information will be preserved in accordance with the defendant's document retention plan. Any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

All discovery will be commenced in time to be completed by **September 10, 2007**.

A maximum of **25** interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of **30** requests for admission by each party to any other party. Responses due 30 days after service.

A maximum of **30** requests for production by each party to another party. Responses due 30 days after service.

Maximum of **8** depositions by each party. Each deposition is limited to a maximum of **7** hours, unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: from plaintiffs by **June 29, 2007**, and from defendant by **July 30, 2007**.

Supplementation under Rule 26(e) due thirty (30) days after party discovers need to supplement and no later than thirty (30) days prior to discovery cutoff.

3. **Other Items.**

The parties do not specifically request a conference with the court before entry of the scheduling order.

The parties do request a pretrial conference thirty (30) days prior to trial.

Plaintiff should be allowed until **April 30, 2007**, to join additional parties or to amend the pleadings.

Defendant should be allowed until **May 30, 2007**, to join additional parties or to amend the pleadings.

All potentially dispositive motions should be filed ninety (90) days prior to the pretrial conference.

Settlement and participation in an Alternative Dispute Resolution Plan likely cannot be evaluated until completion of some discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due forty (40) days before trial. Parties should have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial on **December 10, 2007**, and at this time is expected to take approximately **3 to 5** days.

Respectfully submitted,


s/Byron R. Perkins
Attorney for Plaintiff, Dwight Rodgers

OF COUNSEL:

The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, Alabama 35203
Telephone: (205) 244-1115
Facsimile: (205) 244-1171

1552779                                    4

<u>s/Jennifer M. Busby</u>
Jennifer M. Busby (BUS009)
Ashley H. Hattaway (HAT007)

Attorneys for Cracker Barrel Old Country Store, Inc.

<u>OF COUNSEL</u>:

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100