IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT RODGERS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | 2:06-CV-1067-WKW-SRW |
| CRACKER BARREL OLD ) | |
| COUNTRY STORE, INC., ) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves this Court for an order granting summary judgment in its favor as to all claims asserted by plaintiff Dwight Rodgers because there is no genuine issue of material fact, and Cracker Barrel is entitled to summary judgment as a matter of law. In support of its motion, Cracker Barrel states as follows:

1. Plaintiff cannot prove a prima facie case of disparate treatment related to his termination because he was not qualified for the job and he cannot point to any similarly situated employees who were treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Dawson v. Henry County Police Dept., No. 06-14640, 2007 WL 1893367, at *2 (11th Cir. July 3, 2007); Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

2. To the extent plaintiff is complaining about evaluations and discipline, plaintiff cannot make out a prima facie case of disparate treatment because he was not qualified for the job, no adverse employment action was taken against him, and he cannot point to any similarly situated employees who were treated more favorably. McDonnell Douglas Corp. v. Green, 411

U.S. 792 (1973); Dawson v. Henry County Police Dept., No. 06-14640, 2007 WL 1893367, at *2 (11th Cir. July 3, 2007); Hooks v. Bank of America, 183 Fed. Appx. 833, 835-36 (11th Cir.), cert. denied, 127 S. Ct. 515 (2006); Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1241-43 (11th Cir. 2001); Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); Bazemore v. Georgia Tech. Auth., No. 1:05CV1850, 2007 WL 917280, at *3-4 (N.D. Ga. Mar. 23, 2007).

   3. Even if plaintiff were able to establish a prima facie case of disparate treatment, his claim would nonetheless fail because he cannot establish that Cracker Barrel's legitimate, non-discriminatory reasons for its actions were pretextual. Chapman v. AI Transp., 229 F.3d 1012 (11th Cir. 2000); Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998); Holifield v. Reno, 115 F.3d 1555 (11th Cir. 1997); Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997), cert. denied, 522 U.S. 1045 (1998); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990); Gilchrist v. Bolger, 733 F.2d 1551, 1553-54 (11th Cir. 1984); Smith v. Flax, 618 F.2d 1062 (4th Cir. 1980); Lester v. Compass Bank, No. Civ. A. 96-AR-0812-S, 1997 WL 839010 (N.D. Ala. Mar. 19, 1997); Jones v. Alabama Power Co., No. CV 94-PT-0094-S, 1995 WL 238338 (N.D. Ala. Jan. 3, 1995), aff'd, 77 F.3d 498 (11th Cir. 1996).

   4. Plaintiff cannot establish a prima facie case of retaliation because he did not participate in any protected activity. Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000); Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1350 (11th Cir. 1999).

   5. Plaintiff cannot establish a prima facie case of retaliation under the participation clause because there was no pending EEOC investigation at the time of the alleged protected

activity. McShane v. U.S. Attorney General, 144 Fed. Appx. 779, 789-90 (11th Cir. 2005); E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 n.3 (11th Cir. 2000).

      6.      Plaintiff cannot establish a prima facie case of retaliation under the opposition clause because no reasonable person would have believed that Cracker Barrel had engaged in any unlawful conduct. Hooks v. Bank of America, 183 Fed. Appx. 833, 835-36 (11th Cir.), cert. denied, 127 S. Ct. 515 (2006); Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1241-43 (11th Cir. 2001); Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000); Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1350 (11th Cir. 1999); Little v. United Techs., 103 F.3d 956 (11th Cir. 1997); Bazemore v. Georgia Tech. Auth., No. 1:05CV1850, 2007 WL 917280, at *3-4 (N.D. Ga. Mar. 23, 2007); Bicknell v. City of St. Petersburg, No. 8:03-CV-1045-T-27, 2006 WL 560167 (M.D. Fla. Mar. 7, 2006).

      7.      To the extent plaintiff is complaining about evaluations and discipline, plaintiff cannot establish a prima facie case of retaliation because he did not suffer any adverse employment action. Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001); Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227 (11th Cir. 2006); Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1241-43 (11th Cir. 2001); Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000).

      8.      Plaintiff cannot establish a prima facie case of retaliation because he cannot establish any causal connection between the alleged protected activity and the alleged adverse employment action. Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001); Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227 (11th Cir. 2006); Keith v. MGA, Inc., 211 Fed. Appx. 824, 827 (11th Cir. 2006); Grier v. Snow, 206 Fed. Appx. 866, 869 (11th Cir. 2006); Saffold v. Special Counsel, Inc., 147 Fed. Appx. 949 (11th Cir. 2005); Higdon v. Jackson, 393

F.3d 1211 (11th Cir. 2004); Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000); Soileau v. Guilford of Maine, Inc., 105 F.3d 12 (1st Cir. 1997); Henry v. Guest Servs., Inc., 902 F. Supp. 245, 254 (D.D.C. 1995), aff'd, 98 F.3d 646 (D.C. Cir. 1996); Booth v. Birmingham News Co., 704 F. Supp. 213 (N.D. Ala.), aff'd, 864 F.2d 793 (11th Cir. 1988).

9. Even if plaintiff were able to establish a prima facie case of retaliation, his claim would nonetheless fail because he cannot establish that Cracker Barrel's legitimate, non-retaliatory reasons for its actions were pretextual. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997).

10. Plaintiff cannot establish a prima facie case under 42 U.S.C. § 1983 because there was no state action in this case. National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988); Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987); Lynn v. United Techs. Corp., 916 F. Supp. 1217, 1219 (M.D. Ala. 1996); International Molders & Allied Workers, AFL-CIO v. Buchanan Lumber, Birmingham, 459 F. Supp. 950, 952 (N.D. Ala. 1978), aff'd, 618 F.2d 782 (5th Cir. 1980).

11. To the extent plaintiff alleges a harassment claim, plaintiff cannot show that he was subject to unwelcome harassment, that any alleged harassment was based on his race, that any alleged harassment was sufficiently severe or pervasive, or any basis for holding Cracker Barrel liable for the alleged harassment. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993); Baldwin v. Blue Cross / Blue Shield of Ala., 480 F.3d 1287, 1305 (11th Cir. 2007); Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272 (11th Cir. 2003); Gupta v. Florida Bd. of Regents, 212 F.3d 571 (11th Cir. 2000);

Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999); Kilgore v. Thompson & Brock Mgmt., Inc., 93 F.3d 752, 754 (11th Cir. 1986); Henson v. City of Dundee, 682 F.2d 897, 905 (11th Cir. 1982); Gullatte v. Westpoint Stevens, Inc., 100 F. Supp. 2d 1315, 1322-23 (M.D. Ala. 2000); Merriweather v. Alabama Dep't of Public Safety, 17 F. Supp. 2d 1260, 1272 (M.D. Ala. 1998), aff'd, 199 F.3d 443 (11th Cir. 1999); Mitchell v. Carrier Corp., 954 F. Supp. 1568, 1576-77 (M.D. Ga. 1995), aff'd, 108 F.3d (11th Cir. 1997); Sparks v. Regional Med. Ctr. Bd., 792 F. Supp. 735, 744 (N.D. Ala. 1992).

12. Plaintiff's claim for damages is limited by the after-acquired evidence doctrine. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360-61 (1995); Wallace v. Dunn Constr. Co., 62 F.3d 374, 379 (11th Cir. 1995).

13. Cracker Barrel's motion is based on admissible portions of:

   (A)   The pleadings;

   (B)   The Statement of Undisputed Facts;

   (C)   All evidentiary materials filed in support hereof, including the deposition of Dwight Rodgers (with exhibits);

   (D)   Excerpts of the affidavits and declarations of other witnesses and other authenticated documents; and

   (E)   Cracker Barrel's Brief in Support of its Motion For Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Cracker Barrel respectfully requests that this Court grant summary judgment on all claims alleged by Dwight Rodgers against Cracker Barrel, certify the judgment as final under Rule 54(b) of the Federal Rules of Civil Procedure, and grant costs in favor of Cracker Barrel. Alternatively, and in the event that the Court declines to grant summary judgment on all of plaintiff's claims, Cracker Barrel respectfully requests that

the Court grant partial summary judgment in favor of Cracker Barrel with respect to those claims that the Court deems subject to summary judgment.

s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
Ashley H. Hattaway (HAT007)

Attorneys for Cracker Barrel Old Country Store, Inc.

**OF COUNSEL**:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on August 2nd, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Byron R. Perkins
The Cochran Law Firm
505 North 20th Street, Suite 825
Birmingham, Alabama 35203

Monica A. York, Esq.
Breedlove & Lassiters, LLP
250 E Ponce de Leon Avenue
Suite 425
Decatur, GA 30030

s/ Jennifer M. Busby
OF COUNSEL
