IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT RODGERS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | 2:06-CV-1067-WKW-SRW |
| CRACKER BARREL OLD | ) | |
| COUNTRY STORE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "AFFIDAVIT"**

COMES NOW Defendant, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), and hereby moves the court to strike plaintiff's "Affidavit" which was referenced in his brief in opposition to defendant's Motion for Summary Judgment but not filed with the Court. On the document filed by plaintiff called "Evidentiary Submission In Support of His Opposition to Defendant's Motion for Summary Judgment," the plaintiff lists a document called "Plaintiff's Affidavit." Plaintiff also cites to a supposed affidavit in his brief in opposition to summary judgment. In the evidentiary submissions which counsel for Cracker Barrel received in the mail from plaintiff's counsel, there was a document purporting to be an affidavit by plaintiff. However, this document was not actually filed by the plaintiff in his Evidentiary Submissions, and the plaintiff should not be allowed to file that document because the deadline has passed for the plaintiff to file any evidence with the Court relating to summary judgment. Out of an abundance of caution, Cracker Barrel respectfully requests that the Court strike the "Affidavit" and not permit the plaintiff to file or rely on it for purposes of summary judgment.

Should the Court allow the plaintiff to file or rely on the "Affidavit," Cracker Barrel reserves the right to move to strike the document on several other grounds, including (1) it does

1606228 v1

not meet the requirements of Rule 56(e) for an affidavit; (2) it is not based on personal knowledge; (3) it contains inadmissible hearsay; (4) it attempts to change plaintiff's previous deposition testimony; (5) it contradicts the undisputed record evidence; and (6) it sets forth conclusory opinions and arguments rather than statements of fact based on personal knowledge. Cracker Barrel does not discuss the specifics of those grounds at this time so as not to waive its objection to the admission of the "Affidavit" to the record at all.

 Wherefore, premises considered, Cracker Barrel respectfully requests that this Court strike the purported "Affidavit," plaintiff's citations to it in his brief and any other references to it by plaintiff because it is not properly before the Court. In the alternative, should the Court allow plaintiff to file the "Affidavit," Cracker Barrel respectfully requests that it be allowed to file more specific objections to the document.

                s/ Ashley H. Hattaway
                Jennifer M. Busby (BUS009)
                Ashley H. Hattaway (HAT007)
                *Attorneys for Cracker Barrel Old Country Store, Inc.*

**OF COUNSEL**:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

    I hereby certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Byron R. Perkins
The Cochran Law Firm
505 North 20th Street, Suite 825
Birmingham, Alabama 35203

Monica A. York, Esq.
Breedlove & Lassiters, LLP
250 E Ponce de Leon Avenue
Suite 425
Decatur, GA 30030

                                                s/ Ashley H. Hattaway_____
                                                OF COUNSEL