IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT RODGERS,  ) | |
| ) | |
| Plaintiff,  ) | CIVIL ACTION NO.: |
| ) | 2:06-CV-1067-WKW-SRW |
| ) | |
| v.  ) | |
| ) | |
| CRACKER BARREL OLD  ) | |
| COUNTRY STORE, INC.,  ) | |
| ) | |
| Defendant.  ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S AFFIDAVIT**

COMES NOW Dwight Rodgers, Plaintiff herein, and files this his response to Defendant's Motion to Strike Plaintiff's Affidavit submitted in opposition to Cracker Barrel's Motion for Summary Judgment and states the following:

On October 9, 2007 the court ordered the Defendant to file more specific objections to the Plaintiff's affidavit, if any, on or before October 12, 2007.

**I. INTRODUCTION**

Plaintiff gave accurate and credible testimony at his deposition and takes offense to Defendant's mis-characterization of Plaintiff's deposition testimony as misleading. Plaintiff answered the questions asked of him truthfully and fully explained with as much detail as he could recall. Plaintiff's affidavit does not attempt

to declare different testimony, Plaintiff attempts to explain the mis-characterizations made by Defendant regarding Plaintiff's deposition testimony.

Plaintiff's affidavit is not legally deficient in that it does not need to meet the requirements of 28 U.S.C. § 1746, and can be considered for summary judgment purposes. Plaintiff's affidavit is based upon (I) his personal knowledge of the circumstances surrounding the claims made in Plaintiff's case; (ii) not inadmissible hearsay; (iii) is not contradictory to his previous sworn testimony, only explanatory; (iv) there are no undisputed facts on record, all facts are in dispute therefore his affidavit testimony is not contradictory to undisputed facts on record; and (v) not full of conclusory allegations, they are statements based upon his personal knowledge of the claims made. Defendant's allegations are just inaccurate and therefore Plaintiff's affidavit should not be stricken.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

A. <u>Plaintiff's Affidavit Should Not Be Stricken In Its Entirety Because It Does Comply With Rule 56(e)</u>

Plaintiff's Affidavit is sealed and thus is an affidavit and is not required to be in compliance with 28 U.S.C. § 1746. The affidavit is admissible under Rule 56(e), and may be used by Plaintiff in support of his opposition to Defendant's Motion for Summary Judgment.

Defendant's are being disingenuous about the lack of a notary seal. On August 27, 2007, Defendant were mailed the original summary judgment which included the original Affidavit, with the original seal. Plaintiff's counsel placed her seal, which is a raised seal and not a stamp, on Plaintiff's affidavit, she did not rub it with ink to highlight the seal, however the seal is there. Defendant's are aware of this if they reviewed the document at all, because the raised seal is visible. Plaintiff's counsel submits a copy of her seal rubbed to support her contention that she did not attempt to notarize the Affidavit, she in fact notarized it with her seal. [Exhibit A]. Plaintiff's counsel affixed her seal to Plaintiff's affidavit and thus the affidavit is not void and inadmissible. Therefore, it does not need to comply with 28 U.S.C. § 1746 which authorizes unsworn declarations in certain circumstances. Plaintiff's affidavit is sworn and does not need to be authorized by 28 U.S.C. § 1746.

Fed. R. Civ. P. Rule 56(e) states "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The affidavit states that "Dwight Rodgers appeared before me the undersigned officer, duly authorized to administer oaths in the State of Georgia and having been duly sworn states the following:" Plaintiff's counsel notarized Plaintiff's affidavit

based on his personal knowledge of the events stated therein and sworn to by Plaintiff.

    B.    <u>None of Plaintiff's Affidavit Should Be Stricken Because It Is Based On Plaintiff's Personal Knowledge</u>

Plaintiff's Affidavit is based upon his personal knowledge and experience and he is competent to testify to the matters that were stated therein. Defendants have taken paragraphs out of the affidavit and just by restating them claims that they are not based upon personal knowledge. The Defendant is forcing the Plaintiff to demonstrate how each paragraph is based upon personal knowledge without offering proof that it was not based upon his personal knowledge. Just as an example the Plaintiff will review the first few paragraphs, but all the paragraphs are personally known to the Plaintiff.

The complete paragraph 20 reads "Cracker Barrel was aware of my educational and employment history. I was interviewed and a background check was conducted by Cracker Barrel prior to commencement of employment and I explained my entire work history to Cracker Barrel." Plaintiff has personal knowledge that he had an interview with a representative of Cracker Barrel, who received his resume, which was reviewed during the interview. Additionally, Plaintiff gave permission and was informed that a background check would be and had been conducted.

In paragraph 27 Plaintiff as the manager of the store was well aware of the financials of the Gardendale store and was made aware of circumstances behind his predecessors termination, because of the numbers. He is also well aware of what his bonuses were based upon because he was told during his evaluation. He was notified that the store numbers consisted of those prior to his arrival at the store, which would include those of his predecessor. And of course he is well aware of what he was responsible for.

Paragraph 29, Plaintiff was asked during his deposition about the experience and skills of his team. With his affidavit Plaintiff merely clarified that which he had already discussed. As the manager of the store he is well aware of the experience of his team members, he had to evaluate and manage them. He was also made aware of the disciplinary status of each team member - he was a general manager this was information that was relayed to him at the start of his employment and he stated these same things during his deposition.

Paragraph 31, Defendant characterized Plaintiff as a failure and Plaintiff is well aware of his skills as a manager, and was aware of what he was experience with his team of staff.

All of the statements made by Plaintiff are based upon his personal knowledge of the circumstances.

C.  <u>Plaintiff's Affidavit Does Not Contain Inadmissable Hearsay</u>

Defendant's provide's examples of what they claim are statements of inadmissable hearsay, however the statements demonstrate Plaintiff's knowledge in context.

"Federal Rule of Civil Procedure 56(e) provides that an affidavit opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Affidavits based upon "information and belief" are insufficient. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950). The court may consider only that evidence that would be admissible at trial. *Soles v. Board of Com'rs of Johnson County, Ga.*, 746 F.Supp. 106, 110 (S.D.Ga. 1990). Thus, in determining summary judgment motions, the court will refuse to consider inadmissible hearsay. Id. On a summary judgment motion, the court "will disregard only the inadmissible portions of a challenged affidavit and will consider the admissible portions in determining whether to grant or deny the [summary judgment] motion." *Lee v. National Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980)." WEBSTER v. FULTON COUNTY, GA., 44 F.Supp.2d 1359 (N.D.Ga. 02/12/1999).

If the court deems portions of Plaintiff's affidavit to contain inadmissible hearsay, although the Plaintiff is not stating that the statements are hearsay, then the court should only disregard the inadmissible portions of the affidavit and not strike the entire affidavit. Each paragraph should be reviewed completely before the court decides that a paragraph must be stricken if the courts so decides.

D. <u>Plaintiff's Affidavit Does Not Contradict His Previous Deposition Testimony And Should Not Be Stricken</u>

Plaintiff is not attempting to change his prior testimony. As Plaintiff explained thoroughly in his Response to Defendant's Motion for Summary Judgment, Defendant attempted to distort Plaintiff's testimony, during the deposition and within the Motion for Summary Judgment. Plaintiff, used the affidavit to state his personal knowledge of the facts that had been distorted by the Defendant.

Defendant attempts to make it appear that Plaintiff is attempting to create a factual question by introducing an affidavit that they state contradicts his prior testimony. "A party opposing summary judgment may not substitute an affidavit alleging helpful facts in place of earlier deposition testimony in hopes of avoiding summary judgment. See *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 (11th Cir.2003) (court may disregard affidavit submitted for sole purpose of defeating summary judgment motion when deposition testimony directly contradicts affidavit)

(quoting Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir.1984) ("when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony")).

Plaintiff does not change his previously recorded testimony and in fact provides undisputed evidence to support his affidavit. In response to the statements that Defendant claims are contradictory to his previous testimony Plaintiff provides more than just his testimony. Defendant's own documentary evidence does not state that Plaintiff was fired. The background check clearly does not state that Plaintiff was terminated. As stated previously there is no undisputed record evidence. Plaintiff disputes all evidence that Defendants has submitted, and can use his affidavit to illustrate his personal knowledge of the circumstances. Plaintiff understands that he must submit truthful statements that are supported by the evidence and takes offense to Defendant's characterization of his affidavit statements as outrageous. Defendant's inflammatory remarks in all submissions to the court require the Plaintiff to clarify and contradict the statements that have been distorted and attributed to him without substantial supportive record evidence. Plaintiff is not relying exclusively

on his own testimony. Plaintiff provides documentary evidence and points to documentary evidence submitted by the Defendant.

A reasonable juror would not have to suspend disbelief in order to believe statements made by the Plaintiff. A reasonable juror would have to believe the conclusory statements of Defendant without supportive evidence or by distorting the evidence that it does have.

Defendant knows that Plaintiff explained while working at Bojangles he was a trainer. He would travel from store to store to fix the ongoing problems in the stores. He would be assessed based on the problems within the store.

Again, Plaintiff has not submitted an affidavit that contradicts his prior testimony, the affidavit provides for clarification of his testimony since Defendant's have distorted Plaintiff's testimony. Additionally, all of this information can be clarified by the documentary evidence that Defendant provided.

Plaintiff's testimony in his affidavit is not fabrication. Plaintiff's testimony is based on his personal knowledge. Plaintiff statement on his application to Ruby Tuesdays does not in turn mean that when he had a interview with the representative of Ruby Tuesdays that during that interview he did not explain fully the circumstances behind his leaving. This is not a false claim, because they represent

two separate incidents, the application process an the interview process. Plaintiff's affidavit is not self serving or last minute. It was submitted with his summary judgment, which Defendant received in the mail with Plaintiff's response to Defendant's Motion for summary judgment.

    E.    <u>Plaintiff's Affidavit Should Not Be Stricken Because It May Contain Conclusory Arguments</u>

The defendant has moved to strike certain paragraphs of the Plaintiff's affidavit on the grounds that it does not comply with Fed.R.Civ.P. 56(e), which requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *LETSON v. LIBERTY MUT. INS. CO.*, 523 F.Supp. 1221 (N.D.Ga. 10/6/1981) "Defendant characterizes the statement as hypothetical, speculative, and conclusory. However, a statement by a person about his state of mind or intent is admissible as evidence of such intent." See Weinstein's Evidence, P 803(3) (02), pp. 803-94. This is true even where a statement is deemed to be an opinion on an ultimate issue in the case. See Fed.R.Evid. 704. Therefore, defendant's motion to strike should be denied. Plaintiff's statements reflect his state of mind or intent is permissible as evidence and can be admitted in support of his opposition to Defendant's Motion for Summary Judgment.

### III.  CONCLUSION

Plaintiff's demonstrates that his Affidavit is legally sufficient and is properly before the Court, as it has a notary seal.  Additionally, the affidavit provides statements of Plaintiff's personal knowledge which are sufficient evidence in support of his opposition to Defendant's Motion for Summary Judgment.  Plaintiff respectfully requests that if the court finds that some of Plaintiff's statements are inadmissible hearsay that only those portions be stricken and not the entire affidavit.

Respectfully submitted this 26 th day of October, 2007.

   /s/Byron Perkins
State Bar No. ASB - 0183 - N75B
Attorney for Plaintiff

The Cochran Firm
505 North 20th Street - Suite 825
Birmingham, Alabama 35203
email: bperkins@CochranFirm.com

s/Monica A. York
Monica A. York
State Bar No. 781153
Attorney for Plaintiff

**ATTORNEYS BREEDLOVE & LASSITER, LLP**
250 East Ponce de Leon Avenue
Suite 425
Decatur, Georgia 30030
email: **myork@breedloveandlassiter.com**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **DWIGHT RODGERS,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.:** |
| ) | **2:06-CV-1067-WKW-SRW** |
| ) | |
| **v.** ) | |
| ) | |
| **CRACKER BARREL OLD** ) | |
| **COUNTRY STORE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on October 26, 2007, I electronically filed PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jennifer Busby
Ashley H. Hattaway
Burr & Forman LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

                                            Respectfully submitted,
                                            /s/Byron Perkins
                                            Byron Perkins
                                            State Bar No. ASB - 0183 - N75B
                                            Attorney for Plaintiff

The Cochran Firm
505 North 20th Street - Suite 825
Birmingham, Alabama 35203
(205) 244-1115
(205) 244-1171 fax
email: bperkins@CochranFirm.com

                                            s/Monica A. York
                                            Monica A. York
                                            State Bar No. 781153
                                            Attorney for Plaintiff

ATTORNEYS
BREEDLOVE & LASSITER, LLP
250 East Ponce de Leon Avenue
Suite 425
Decatur, Georgia 30030
(404) 377-5512 (telephone)
(404) 377-5515 (facsimile)
email: myork@breedloveandlassiter.com

# EXHIBIT A

