IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT RODGERS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | 2:06-CV-1067-WKW-SRW |
| CRACKER BARREL OLD ) | |
| COUNTRY STORE, INC., ) | |
| ) | |
| DEFENDANT. ) | |

## **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT**

COMES NOW Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), and replies to plaintiff's belatedly filed response to Defendant's Motion to Strike plaintiff's so-called "Affidavit" in opposition to Defendant's Motion for Summary Judgment, should the Court decide to consider that response. Cracker Barrel respectfully requests that the Court grant its Motion to Strike for the reasons set out in its Motion and further discussed below:

**I.      Plaintiff Did Not Follow The Deadline Set By This Court.**

On October 12, 2007, defendant filed a Motion to Strike plaintiff's "Affidavit" belatedly submitted in opposition to Defendant's Motion for Summary Judgment setting forth several reasons why the "Affidavit," or in the alternative, portions thereof, should be stricken. The Court ordered the plaintiff to respond to that Motion on or before October 17, 2007. Nine days later, on October 26, 2007, after the Court entered a Show Cause Order, the plaintiff filed his response, although the Court has not yet allowed the plaintiff to submit that tardy response. The Court should not allow the plaintiff to continue to flaunt the rules and deadlines established by this Court and should exercise its discretion to strike the "Affidavit" on the grounds that the plaintiff

did not submit a timely response to Defendant's Motion for Summary Judgment or Defendant's Motion to Strike the "Affidavit." Fed. R. Civ. P. 83(b).[1]

The Eleventh Circuit has upheld the district court's authority to make and enforce such rules. "Concomitant with the district court's power to make rules and issue orders is the power to enforce those rules and orders." U.S. v. Venske, 296 F.3d 1284 (11th Cir. 2002) (citing Magluta v. Samples, 162 F.3d 662 (11th Cir. 1998)); see also In re Atlantic Pipe Co., 304 F.3d 135 (1st Cir. 2002) (holding that district court has the power to regulate its calendar and manage its docket as long as it complies with the Federal Rules of Civil Procedure); Beaird v. Seagate Technology, Inc., 145 F.3d 1159 (10th Cir. 1998) (holding that district court had authority to regulate the submission of briefs); Carroll v. Jaques Admiralty Law Firm, P.C., 110 F.3d 290 (5th Cir. 1997) (holding that district court had discretion to impose sanctions outside the scope of Fed. R. Civ. P. 37). Thus, the Court should enforce its order, not allow submission of plaintiff's response and strike plaintiff's "Affidavit."

## II. Plaintiff's "Affidavit" Should Also Be Stricken Because Plaintiff Has Not Refuted The Grounds Set Out In Defendant's Motion.

Should the Court decide to consider the submission of plaintiff's response, the Court should still grant Cracker Barrel's Motion to Strike because the plaintiff has not refuted the grounds set forth in defendant's motion for exclusion of the "Affidavit."

### A. Plaintiff Has Not Filed A Proper Affidavit.

The plaintiff has not shown that he submitted to this court a document that is either an affidavit or a declaration pursuant to 28 U.S.C. §1746 as is required for summary judgment

---

[1] This is the third time plaintiff has been late in his submissions to this Court. Plaintiff failed to file a timely response to Defendant's Motion for Summary Judgment. When he did file his response, he did not file the Affidavit, but sought to add it late, which the Court allowed. Then when Cracker Barrel filed its Motion to Strike, plaintiff failed to respond by the deadline ordered by the Court.

purposes. The plaintiff alleges in his response that the document he purports to be his affidavit was sealed and is therefore an affidavit. He claims that he mailed the original with the seal to the defendant but this is not true. The document that defendant received in the mail does not have a seal, and if the Court wishes to review the document, defendant will be glad to provide it to the Court. Plaintiff has not submitted anything else to support his contention that he filed a sealed document with this Court. Plaintiff's counsel has produced a copy of her seal to the Court, but it is not attached to any affidavit or statement by plaintiff, apparently because there is not one. Plaintiff admits that the document submitted as his "affidavit" does not meet the requirements of 28 U.S.C. §1746; therefore, since the document is not sealed, it is not an affidavit and should not be considered for summary judgment purposes. See Bryant v. Orlando Sentinel Communications Co., 2007 WL 1796258, at *5 (M.D. Fla. Jun. 20, 2007); Ghazi v. Fiserv, Inc., 904 F. Supp. 823, 826-27 (N.D. Ill. 1995); Flores v. Chicago Transit Auth., 2006 WL 2868904, at *1 (N.D. Ill. Oct. 4, 2006); see also Haston v. General Motors Corp., 678 So. 2d 1164, 1166 (Ala. Civ. App. 1996) (failure of an out of state attorney to affix her seal of office rendered the affidavit void and inadmissible for summary judgment purposes).

      **B.**    **Plaintiff's "Affidavit" Is Not Based On Personal Knowledge, Contains Hearsay And Is Contradictory And Conclusory.**

Even if the document submitted by plaintiff can be considered an affidavit, it is filled with statements not based on personal knowledge, inadmissible hearsay, contradictions and conclusory arguments rather than evidence. Cracker Barrel detailed in its Motion to Strike portions of the "Affidavit" that should be stricken, and as discussed below, plaintiff did not show otherwise in his response.

Parts of plaintiff's "Affidavit" clearly are not based on personal knowledge. In his response, plaintiff claims that he did have personal knowledge of the facts alleged because he

was <u>told them</u>.  If true, then those alleged facts should be stricken because they are inadmissible hearsay.  For example, plaintiff claims he knows the facts asserted in paragraph 20 because "he was informed" of those alleged facts.  He claims he knows the facts alleged in paragraph 27 because he "was made aware" and "he was notified" of the alleged facts.  Plaintiff claims he knows the facts in paragraph 29 because "he was also made aware" of those alleged facts and that the alleged information "was relayed to him."  Thus, plaintiff's response clearly establishes that not only does plaintiff not have personal knowledge of the facts alleged but his alleged facts are based on inadmissible hearsay and should be stricken from the record.  Fed. R. Civ. P. 56(e); <u>Macuba v. Deboer</u>, 193 F.3d 1316, 1322-23 (11th Cir. 1999).  Moreover, on pages six through seven of his response, plaintiff concedes that his "Affidavit" contains inadmissible hearsay.  Thus, the hearsay statements in plaintiff's "Affidavit" should be stricken.

      Parts of plaintiff's "Affidavit" also should be stricken because they contradict his previous deposition testimony or the undisputed record evidence.  Plaintiff spends a couple of pages of his response vehemently asserting that nothing in his "Affidavit" is contradictory and calling defendant's motion, which points out the discrepancies, "outrageous."  However, plaintiff does not provide one deposition or other record cite to show that there are no contradictions in his testimony.  Again, plaintiff offers this court nothing more than self-serving statements and excuses about himself which are not evidence but plaintiff's own fantastical opinions.  The record evidence proves that plaintiff has told several "stories" about his employment history, and the contradictory statements in his affidavit should be stricken.

      Finally, parts of plaintiff's affidavit should be stricken because they contain conclusory opinions and arguments rather than statements of facts.  Plaintiff does not deny such conclusory statements but argues that they are admissible to reflect "his state of mind."  This argument

makes no sense. First, many of the portions cited by defendant as "conclusory" have nothing to do with plaintiff's "state of mind;" many are inappropriate and baseless conclusions about what other people thought and felt. Moreover, Federal Rule of Evidence 803(3) cited by plaintiff is not applicable to this situation - plaintiff is not repeating a statement made by a declarant about his own state of mind - instead plaintiff is simply drawing his own conclusions about what others thought, felt and intended without any evidentiary basis.

      Second, plaintiff's "state of mind" is irrelevant to his discrimination claim. What is important is the decisionmaker's assessment of plaintiff's performance and his reason for terminating him. See Chapman v. AI Transp., 229 F.3d 1012, 1051 n.34 (11th Cir. 2000) ("subjective perceptions of an employee, without more, are insufficient to survive summary judgment"); Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997) ("[t]he inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance"); Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980) ("[Plaintiff]'s perception of himself, however, is not relevant. It is the perception of the decision maker which is relevant."); Lester v. Compass Bank, 1997 WL 839010 (N.D. Ala. Mar. 19, 1997) ("[i]t is the perception of the employer which is relevant in determining whether [the plaintiff] was fulfilling his job. [Plaintiff] has failed to offer anything other than his subjective belief to contradict [the defendant]'s reason for his termination."); and Jones v. Alabama Power Co., 1995 WL 238338, at *22 (N.D. Ala. Jan. 3, 1995) ("It is the perception of the decision maker which is relevant, not plaintiff's perception of herself."), aff'd, 77 F.3d 498 (11th Cir. 1996). Thus, plaintiff's conclusory arguments in his "Affidavit" (which plaintiff states reflect nothing more than his state of mind (which clearly waivers depending on the hour of the day)) are not evidence and should be stricken.

1616702 v1                                    5

For these reasons and those more fully set out in its Motion to Strike, Cracker Barrel requests that this Court grant its Motion and strike all or portions of plaintiff's "Affidavit" from the record.

s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
Ashley H. Hattaway (HAT007)

Attorneys for Cracker Barrel Old Country Store, Inc.

**OF COUNSEL**:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Byron R. Perkins
The Cochran Law Firm
505 North 20th Street, Suite 825
Birmingham, Alabama 35203

Monica A. York, Esq.
Breedlove & Lassiters, LLP
250 E Ponce de Leon Avenue
Suite 425
Decatur, GA 30030

s/ Jennifer M. Busby
OF COUNSEL

1616702 v1                           6